IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3024-D

GREGGORY G. MOSHER, JR.,       )
                              )
                Plaintiff,    )
                              )
        v.                    )        **ORDER**
                              )
MUNICIPALITY OF ONSLOW        )
COUNTY, et al.,               )
                              )
                Defendants.   )

On June 23, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 11]. In that M&R, Judge Numbers recommended that the court dismiss Greggory G. Mosher, Jr.'s ("Mosher") 42 U.S.C. § 1983 complaint. On July 1, 2016, Mosher filed objections to the M&R [D.E. 14].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Moreover, the court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not

countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007).

Most of Mosher's objections reiterate arguments stated in his complaint, and do not meaningfully rebut Judge Numbers' recommendations. Compare M&R [D.E. 11] with Objs. [D.E. 14]. Because Mosher's objections fail to meaningfully address the M&R, de novo review is not required. See, e.g., Wells, 109 F.3d at 200–01; Orpiano, 687 F.2d at 47.

Alternatively, Mosher's objections lack merit. In his complaint, Mosher, a state inmate proceeding pro se, seeks monetary damages and injunctive relief because he "was tried when lacking mental capacity to proceed." Pl. Ex. [D.E. 1-1] 4. Mosher's conviction, however, has not been overturned or invalidated. Thus, Mosher may not pursue his claim for monetary damages under section 1983. See, e.g., Wilkinson v. Dotson, 544 U.S. 74, 81–83 (2005); Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Moreover, the court declines to convert Mosher's section 1983 complaint into a petition for habeas corpus pursuant to 28 U.S.C. § 2254, because Mosher already has a section 2254 petition pending in this district. See Mosher v. Perry, No. 5:16-HC-2047-BO.

Although the crux of Mosher's complaint is that he seeks the reversal of his conviction, the M&R granted Mosher's motion to amend his complaint to include a request for injunctive relief. See M&R 2. Mosher's motion to amend his complaint also requested that "this court . . . issue an emergency injunction ordering . . . [defendants] to schedule an appointment . . . for [Mosher] to have surgery." Mot. [D.E. 7] 1.

2

A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Mosher has not plausibly alleged that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Rather, he requests that this court order defendants to provide him with a specific treatment. A prisoner, however, is not entitled to choose his course of treatment. See United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011) (collecting cases); Russell v. Sheffer, 528 F.2d 318, 318–19 (4th Cir. 1975) (per curiam). Thus, the claim fails. Moreover, even if Mosher had alleged a viable deliberate indifference claim, the defendants he has named are not amenable to suit. See Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Pierson v. Ray, 386 U.S. 547, 553–54 (1967); Polk County v. Dodson, 454 U.S. 312, 325 (1981); Imbler v. Pachtman, 424 U.S. 409, 431 (1976).[1]

---

[1] In addition to the Onslow County, Mosher has named his trial judge, the assistant district attorney who prosecuted him, and several attorneys as defendants. Compl. [D.E. 1] 2-3.

3

Mosher also objects that the M&R "failed to address the amendments which are against Dr. John Doe, Greene Correctional Institution Medical Department[,] and the Veterans Administration." Objs. 2. Mosher's complaint and his motion to amend his complaint did not name Dr. John Doe, Greene Correctional Institution Medical Department, or the United States Department of Veterans Affairs as defendants. Thus, the court overrules the objection.

Finally, after Mosher filed his objections, Mosher filed a supplemental declaration [D.E. 17]. In this declaration, he describes an incident in which he was allegedly injured on September 29, 2016. Mosher does not request any specific relief after describing this incident, nor does he specifically request to amend his claims. Mosher must file any claim concerning this alleged incident in a separate civil rights action after he has fully exhausted his administrative remedies.

In sum, after reviewing the M&R, the record, and Mosher's objections, the court is satisfied that there is no clear error on the face of the record. Accordingly, Mosher's objections [D.E. 14] are OVERRULED, and the court adopts the conclusions in the M&R [D.E. 11]. Mosher's complaint is DISMISSED, and the clerk shall close the case.

SO ORDERED. This _28_ day of March 2017.

JAMES C. DEVER III
Chief United States District Judge

4